**In re the Extradition of Christian Jacques DAVID.**

**Civ. No. 73-300-E.**

United States District Court,
E. D. Illinois.

June 13, 1975.

See also D.C., 390 F.Supp. 521.

murder of a police commissioner and with the attempted murder of a police officer. It is further alleged that David has sought asylum in the United States and may be found within this judicial district. The complaint prays that this Court find that David is extraditable under the 1911 Extradition Treaty with France, and certify said finding to the Secretary of State pursuant to the terms of 18 U.S.C. § 3184.

Respondent, David, through his attorneys, raised numerous objections and defenses at the final hearing in this case. Several of these matters were taken under advisement and therefore must be ruled on at this time.

I

David objects to the admissibility of Exhibit Number One of the Republic of France. The Exhibit consists of a number of different documents written in French with English translations. These documents represent the larger part of the proof presented against David. They include depositions, the warrant for arrest, a request for extradition, and photographs and fingerprints of the man wanted by France. It is obvious that if Exhibit Number One is not admissible, then there is no adequate basis for permitting his extradition to France.

David's primary objection to Exhibit Number One is that it is not properly authenticated. The proper method for authenticating the documents contained in Exhibit Number One is to have them certified by the principal consular officer of the United States residing in France, 18 U.S.C. § 3190. All of the documents in the exhibit are so certified. David contends, however, that this certification is invalid because there is a blank on the certificate which is not filled in. It is clear that "France" goes in the blank space. The Court feels that this omission is in the nature of a clerical error and does not affect the validity of the certification. Certificates which are in substantial con-

Henry A. Schwarz, U. S. Atty., William C. Evers, III, Asst. U. S. Atty., East St. Louis, Ill., for the Government of France.

Paul M. Caldwell, Benton, Ill., Michael J. Rovell of Jenner & Block, Chicago, Ill., Ivan S. Fisher, New York City, for David.

### ORDER

FOREMAN, District Judge.

This is an international extradition proceeding instituted by the United States Attorney for the Eastern District of Illinois acting on behalf of the Republic of France. The amended complaint for extradition alleges that Christian Jacques David, a citizen of France, is legally charged in France with the

formity with the requirements of the statute provide adequate assurance of the authenticity of the documents certified, *In re Neely*, 103 F. 626 (C.C.N.Y.1900); *In re Lo Dolce*, 106 F.Supp. 455 (D.C.N.Y.1952).

 David also claims that the documents in Exhibit Number One are inaccurately translated. The only basis for this claim is that one page of the translation contains fewer paragraphs than the original French document. The Court feels that the translations must be presumed to be correct unless David presents some convincing evidence otherwise. The fact that one page of the translation contains fewer paragraphs than the original is not in itself sufficient to impeach the authenticity of the translation.

 David also objects to the admissibility of Exhibit Number One because it contains hearsay and legal conclusions. This objection is without merit. Ordinary rules of evidence do not apply to extradition proceedings. Documents which are otherwise properly certified are admissible at an extradition hearing even though they would not be admissible at a criminal trial, *In re Lo Dolce, supra; Caputo v. Kelly,* 19 F.Supp. 730 (D.C.N.Y.1937).

David's objections to Exhibit Number One have all been denied. Since the documents contained therein are relevant to this proceeding, France's Exhibit Number One will be admitted into evidence.

## II

 David also seeks to have the testimony of France's only two witnesses stricken. These witnesses testified that fingerprint comparisons showed that David was the same person as the individual sought by France. David objects to their testimony because France's answers to his interrogatories stated that no witnesses would be called and that fingerprints would not be used as a means of identification. David claims that he was prejudiced by the "surprise" witnesses because his attorneys were not prepared to cross-examine them or to present independent fingerprint experts in his behalf.

At the hearing David's attorneys were given an opportunity to interview France's identification witnesses before cross-examining them. They were also told to inform the Court whether they felt further proceedings would be necessary because of the "surprise" witnesses. David's attorneys have subsequently informed the Court that they do not wish to call any witnesses on the identification issue and that they would not further cross-examine France's identification witnesses if another hearing were held. Since David has been given an opportunity to alleviate any prejudice due to the two "surprise" witnesses, the Court does not see any reason to strike their testimony.

## III

 David next contends that the arrest warrant is not based on the depositions contained in Exhibit Number One. Article Three of the Treaty with France states as follows:

"If the person whose extradition is requested . . . is merely charged with a crime or offense, a duly authenticated copy of the warrant of arrest in the country where the crime or offense has been committed and of the depositions or other evidence upon which such warrant was issued, shall be produced."

The arrest warrant to which David refers, is the original arrest warrant issued in France shortly after the crime occurred. This warrant could not be based on the depositions contained in Exhibit Number One since it was issued before they were taken. However, the Court interprets Article III of the Treaty to refer to the International Warrant for Arrest, rather than the original French arrest warrant. The Court finds that Article III has been adequately complied with in regard to the International Warrant for Arrest.

■ David further claims that there has been no showing that a request for extradition has been made by the proper party. Article III of the Treaty provides that requests for extradition shall be made by a diplomatic agent of the country requesting extradition. Exhibit Number One of the Republic of France from the hearing of February 5, 1974, contains a sworn statement by a State Department Official that the Ambassador of France to the United States has requested the extradition of David. The Court is satisfied from this affidavit that a request for extradition by a diplomatic agent of France has been made.

■ David next claims that Assistant United States Attorney Evers has not been properly authorized to represent France in these proceedings. Article XII of the Treaty provides that:

"The appropriate legal officers of the State in which the extradition proceedings take place shall, by all legal means within their power, assist the requesting party before the respective judges and magistrates."

The Court interprets this language to authorize Mr. Evers to act on behalf of France when, as here, a proper request for extradition has been made.

## IV

■ David claims that his extradition is barred by the circumstances surrounding his alleged kidnapping from South America to the United States. At the final hearing David offered to prove that in addition to being kidnapped he was brutally tortured. The Court has previously ruled that kidnapping alone is not a defense to extradition, *In re David*, 390 F.Supp. 521 (E.D.Ill.1975). The Court now holds that the brutal torture of an individual prior to kidnapping is not a defense to extradition. Such mistreatment may be a defense to a criminal prosecution where immediate loss of liberty can result, but it should not be defense in an extradition proceeding at which the guilt of the accused is not decided. Further, even if David's alleged torture were a defense, he waived this defense by pleading guilty in New York to a violation of American narcotics laws, *In re David*, supra.

■ David next contends that France is seeking his extradition in order to punish him for certain political crimes. If an individual proves that he is sought for such purposes, then it is a defense to his extradition, Article VI of the Treaty. At the final hearing in this case David made an offer of proof in which he alleged that France was seeking to extradite him for the purpose of punishing him for certain political crimes. David failed to present any evidence on this issue, however, although he was in no way precluded from doing so. If he had wished to present evidence as to political crimes, he should have done so at the final hearing. Since he did not present such evidence, David has failed to establish that he is being sought for political crimes.

## V

■ Finally, David claims that the crimes he is charged with are not covered by the Extradition Treaty. He is charged with willful homicide and attempted willful homicide. The Treaty provides for the extradition of persons charged with murder and attempted murder. The Court has carefully examined the translations of the French Criminal Code contained in the International Arrest Warrant and is satisfied that willful homicide and attempted willful homicide are the legal equivalents of murder and attempted murder.

## VI

The Court now turns to France's case. The Court makes the following findings from the evidence presented by France:

1. There is a valid extradition treaty in existence between France and the United States, a copy of which was admitted into evidence as France's Exhibit Number Two.

2. The French government has made a proper request for the extradition of Christian Jacques David.

3. There is probable cause to believe that the respondent is the same person as the individual sought by France.

4. The crimes charged are crimes covered by the Extradition Treaty.

5. There is probable cause to believe that the crimes charged did occur and that the respondent David committed them.

6. The respondent David sought asylum in the United States and may be found in the Eastern District of Illinois. Based upon the evidence heard and the findings made the Court hereby certifies to the Secretary of State pursuant to 18 U.S.C. § 3184 that the evidence against the respondent, Christian Jacques David, is sufficient to sustain the charges made under the Treaty of Extradition between France and the United States.

It is so ordered.